## TOWN OF WINDHAM *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
### (AC 17065)

Foti, Lavery and Daly, Js.

Argued February 27—officially released April 28, 1998

*Richard S. Cody,* for the appellant (plaintiff).

*Victor Perpetua,* commission counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellee (named defendant).

*Opinion*

FOTI, J. The plaintiff town of Windham appeals from the judgment rendered by the trial court dismissing its administrative appeal, taken pursuant to General Statutes § 4-183, from a final decision of the freedom

of information commission. The sole issue on appeal is whether a gathering of six town officials on March 20, 1995, constituted a "meeting" within the meaning of General Statutes § 1-18a (b).[1]

The undisputed facts are as follows. The Windham board of selectmen is a public agency within the meaning of General Statutes § 1-18a (a).[2] On March 20, 1995, four of the selectmen, along with the chairman of the Windham board of finance and the town controller, met for approximately one-half hour. During that meeting, they discussed for five to ten minutes whether, at their regular meeting on the following day, they would support a proposal by the first selectman that the board go into executive session to discuss a landfill contract matter. The four selectmen, one of whom was the first selectman, arrived at a consensus that they would support the proposal at the next day's meeting.

The commission ruled that the plaintiff violated General Statutes § 1-21 by holding a meeting without notice. The trial court upheld the commission's decision that a meeting of the Windham board of selectmen (1) to discuss why an item needed to be considered in executive session, (2) to gather support for such a session,

[1] General Statutes § 1-18a (b) provides in relevant part: " 'Meeting' means any hearing or other proceeding of a public agency, any convening or assembly of a quorum of a multimember public agency . . . to discuss or act upon a matter over which the public agency has supervision, control, jurisdiction or advisory power. 'Meeting' shall not include . . . communication limited to notice of meetings of any public agency or the agendas thereof. . . ."

[2] General Statutes § 1-18a (a) provides: " 'Public agency' or 'agency' means any executive, administrative or legislative office of the state or any political subdivision of the state and any state or town agency, any department, institution, bureau, board, commission, authority or official of the state or of any city, town, borough, municipal corporation, school district, regional district or other district or other political subdivision of the state, including any committee of, or created by, any such office, subdivision, agency, department, institution, bureau, board, commission, authority or official, and also includes any judicial office, official or body or committee thereof but only in respect to its or their administrative functions."

and (3) to reach a consensus was not a communication limited to notice of a meeting or the agenda of a meeting, and, therefore, was a meeting subject to the open meeting requirements of the Freedom of Information Act. General Statutes §§ 1-21 (a) and 1-21a (a).

The Windham board of selectmen consists of eleven selectmen. Six members constitute a quorum. At the March 20, 1995 gathering, only four members of the board were present. As a result, there was no quorum and, therefore, no meeting as defined by § 1-18a (b).[3] Our conclusion that the March 20, 1995 gathering was not a meeting makes it unnecessary to determine whether an exemption applies pursuant to § 1-18a (b).

The judgment is reversed and the case is remanded with direction to render judgment sustaining the plaintiff's appeal.

In this opinion the other judges concurred.

---

[3] Both parties conceded during oral argument that a quorum of the board was not present at the March 20, 1995 gathering. In addition, there was no evidence presented that it was anticipated that a quorum of the board would be present at the March 20, 1995 gathering. See *Grimes* v. *Conservation Commission*, 243 Conn. 266, 270, 703 A.2d 101 (1997) (special meeting of municipal conservation commission qualifies as "meeting" pursuant to § 1-18a [b] where it was anticipated that quorum would be present).