### DANIEL V. PRESNICK *v.* FREEDOM OF INFORMATION COMMISSION ET AL. (AC 18112)

Foti, Landau and Shea, Js.

Argued February 24—officially released May 4, 1999

*Daniel V. Presnick*, pro se, the appellant (plaintiff).

*Victor R. Perpetua,* appellate counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff appeals from the judgment rendered by the trial court affirming a ruling by the freedom of information commission (commission) that a session of the board of selectmen of the town of Orange (board) did not constitute a meeting within the definition of the Freedom of Information Act, General Statutes (Rev. to 1995) § 1-7 et seq.

The board of education of the town of Orange sent a proposed teachers contract to the board in November, 1995. The board debated the contract in open session and rejected it. Thereafter, the matter went to arbitration and a binding arbitration award was issued in February, 1996. A special meeting of the board was held thereafter, and one of the items on the agenda was the arbitration award. The board asked the public to leave during that discussion.[1] The plaintiff filed a complaint with the commission, which determined that the board retired to discuss what to do about the arbitration award. The commission characterized the recess as a session in which the board discussed strategy with regard to collective bargaining within the meaning of General Statutes (Rev. to 1995) § 1-18a (b),[2] which provides that such sessions are not meetings required to

---

[1] The plaintiff refused to leave and was arrested and forcibly removed by the police.

[2] General Statutes (Rev. to 1995) § 1-18a (b) provides: " 'Meeting' means any hearing or other proceeding of a public agency, any convening or assembly of a quorum of a multimember public agency, and any communication by or to a quorum of a multimember public agency, whether in person or by means of electronic equipment, to discuss or act upon a matter over which the public agency has supervision, control, jurisdiction or advisory power. 'Meeting' shall not include: Any meeting of a personnel search committee for executive level employment candidates; any chance meeting, or a social meeting neither planned nor intended for the purpose of discussing

be open to the public by the Freedom of Information Act. The trial court affirmed the commission's ruling and this appeal followed.

The sole issue in this appeal is whether the trial court correctly concluded that the record supported the facts found and the conclusion reached by the commission.[3]

"[We are] required to defer to the subordinate facts found by the commission, if there is substantial evidence to support those findings." *Furhman* v. *Freedom of Information Commission*, 243 Conn. 427, 431, 703 A.2d 624 (1997). "We look to see if the [trial] court reviewing the [commission's findings] acted unreasonably, illegally, or in abuse of discretion." (Internal quotation marks omitted.) *Dortenzio* v. *Freedom of Information Commission*, 48 Conn. App. 424, 430, 710 A.2d 801 (1998). Conclusions of law reached by the commission must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. *Board of Labor Relations* v. *Freedom of Information Commission*, 43 Conn. App. 133, 137, 682 A.2d 1068 (1996), aff'd, 244 Conn. 487, 709 A.2d 1129 (1998). "Neither we nor the trial court may retry the case or substitute our

matters relating to official business; strategy or negotiations with respect to collective bargaining; a caucus of members of a single political party notwithstanding that such members also constitute a quorum of a public agency; an administrative or staff meeting of a single-member public agency; and communication limited to notice of meetings of any public agency or the agendas thereof. 'Caucus' means a convening or assembly of the enrolled members of a single political party who are members of a public agency within the state or a political subdivision."

[3] The plaintiff claimed that the trial court improperly failed to enforce a subpoena, failed to strike a brief and improperly opened a nisi judgment against the town of Orange, an order that is not in the record. Additionally, the plaintiff claims a right under article first, § 2, of the constitution of Connecticut to be present at the meeting. These claims are either not briefed or inadequately briefed. We, therefore, decline to review them. See *Mejia* v. *Commissioner*, 48 Conn. App. 230, 234 n.5, 716 A.2d 894, cert. denied, 245 Conn. 902, 719 A.2d 1163 (1998).

own judgment for that of the commission." *Dept. of Public Safety* v. *Freedom of Information Commission*, 51 Conn. App. 100, 104, 720 A.2d 268 (1998).

After completely examining the record, transcripts and briefs filed in the present matter, considering the oral arguments and affording the plaintiff's sole claim the appropriate scope of review, we conclude that the plaintiff's claim is without merit.

The judgment is affirmed.