[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Meriden Board of Education ("the Board"), from a final decision of the defendant. Freedom of Information Commission ("FOIC"), dated May 12, 1999. The final decision may be summarized as follows. (Return of Record ("ROR"), p. 81.) On May 5, 1998, the Board was conducting a duly-noticed regular meeting. During the course of the meeting, the Board recessed to research the issue of whether Robert's Rules of Order permitted or barred rescission of a prior vote of the Board.
During the recess, three members of the Board, a fourth member briefly, the superintendent of schools and the assistant superintendent met privately in the superintendent's conference room. During the meeting, those present discussed whether the Board could rescind the prior vote, what a contract meant and whether the underlying issue being addressed by the Board should be tabled. This discussion was a repetition of the Board's discussion that took place during the open meeting.
The FOIC concluded that the conference room discussion was not a recess or a cessation of the Board's meeting, but rather a continuation of such proceedings by some members of the Board. Pursuant to General Statutes § 1-200 (2), the FOIC determined that the conference room discussion constituted a "proceeding" of the Board during which members of the Board discussed a matter over which the Board had supervision, control, CT Page 7047 jurisdiction or advisory power. Since the conference room discussion did not fail within any of the allowed executive session purposes, the discussion should have occurred during the Board's open meeting. The FOIC concluded that the failure to conduct the conference in public violated General Statutes § 1-225 (a), the open meeting provisions of the Freedom of Information Act ("FOIA").
The FOIC entered an order that henceforth the Board shall comply with the open meeting provisions of General Statutes § 1-225 (a). The Board has appealed to this court from the FOIC final decision, naming both the FOIC and the original complainant, Bijan Babramian.[1]
In the present appeal, the Board challenges whether the conference was in law and fact a "proceeding" under the FOIA. The court must accordingly construe the statutes governing the definition of "proceeding". Dortenziov. Freedom of Information Commission, 48 Conn. App. 424, 431 (1998);Presnick v. Freedom of Information Commission, 53 Conn. App. 162, 164
(1999).
General Statutes § 1-200 (2) defines "meeting" as "any hearing or other proceeding of a public agency, any convening or assembly of a quorum of a multimember public agency, and any communication by or to a quorum of a multimember public agency. . . ." The definition of "meeting" thus makes a distinction between a "proceeding" of a public agency and the convening of a quorum of a multimember public agency.
Two Appellate Court cases show the distinction in these definitions. InEmergency Medical Services Commission v. Freedom of InformationCommission, 19 Conn. App. 352 (1989), the Appellate Court held that attendance by less than a quorum of members of the Emergency Medical Services Commission at a presentation in the mayor's office did constitute a "proceeding" of the agency. Finding a "proceeding," the Appellate Court concluded that the definition of meeting might be satisfied without the requirement of a quorum. As a matter of fact, however, the court concluded that FOIC had failed to establish that a "meeting" had occurred. Id., 356. On the other hand, in Town of Windhamv. FOIC, 48 Conn. App. 529, cert. granted, 245 Conn. 913 (1998), appeal dismissed, 249 Conn. 291 (1999), the Appellate Court held that a "gathering" of less than a quorum of a town board of selectmen was not a meeting. This decision relied on the phrase "convening or assembly of a quorum of a multimember public agency" in the second sentence of § 1-200
(2) to reach its decision.
There appears to be in the cases a further interpretation needed to finding a "proceeding." In Common Council of the City of Middletown v.FOIC, Superior Court, judicial district of Middlesex at Middletown, CT Page 7048 Docket No. 074406 (January 31, 1996, Maloney, J.) (16 Conn.L.Rptr. 163), during a recess in a meeting of the city council, a group of five councilors met as an "ad hoc" committee to iron out a dispute over a charter revision proposal. The court, Maloney, J., held this session to be a "proceeding" and hence a meeting of the agency. "The critical factor in the commission's interpretation of the statute was its factual finding that the council, by implication, had authorized the five members to meet and discuss changes to the charter revision plan. When a public agency authorizes, either expressly or by implication, a group of its members to meet and discuss a subject that would ordinarily be discussed by the agency as a whole and when those members then meet for that purpose, it is reasonable to hold that they have engaged in a "proceeding of (the) public agency." See also East Hartford Town Council v. Freedom ofInformation Commission, Superior Court, judicial district of Hartford-New Britain at Hartford. Docket No. 549602 (January 24, 1996, Maloney, J.) (16 Conn.L.Rptr. 121) (two leaders of the town council designated to meet to resolve budget impasse; held to be a proceeding of agency).[2]
By way of contrast, in New London Planning Zoning Commission v.Freedom of Information Commission, Superior Court, judicial district of New London at New London, Docket No. 531947 (May 1, 1996, Maloney, J.) (17 Conn.L.Rptr. 70), the court, Maloney, J., held that a "workshop" attended by three members of the zoning commission was not a "proceeding." The administrative staff had set up the workshop and it had not specifically or by implication been authorized by the agency. No agency selection had determined who would attend the workshop. The workshop would have gone forward with or without the presence of the members of the zoning board. There was no application pending before the zoning board or any matter requiring official attention. "[T]hese factors suggest more persuasively that the entire workshop was a meeting of the staff at which some members of the commission played a non-essential role." Id.
Based on the above persuasive authority, the court concludes as a matter of law that under General Statutes § 1-200 (2) an agency may in some circumstances hold a proceeding" and that this will constitute a "meeting." The proceeding, as seen above, must be authorized by the agency itself or constitute a step in the process of agency member activity. To hold otherwise would erroneously expand upon the word "proceeding" so that mere staff activity would be included and the concept of "quorum" as used in the following sentence would be meaningless.[3]
The question before the court becomes one of substantial evidence — did the FOIC make a correct application of the law as interpreted above to the facts of record? Presnick v. Freedom of InformationCT Page 7049Commission, supra, 53 Conn. App. 162. The record here reflects that Board member Suzio and Board member Adelman clashed over the recission issue, with Suzio in favor and Adelman opposing. (ROR, Item 3, Complainant's Exhibit 1, Minutes of Board of Education Regular Meeting Tuesday, May 5, 1998, p. 13.) Adelman claimed that Suzio's motion must fail on procedural grounds, citing Roberts Rules of Order. The Board voted unanimously to recess so that "the Board can check Roberts Rules of Order." (ROR, Item 3, Complainant's Exhibit 1, Minutes of Board of Education Regular Meeting Tuesday, May 5, 1998, p. 13.) Initially, there was no organized activity of the Board to consult Roberts Rules. Suzio did not participate for a few minutes. (ROR, Item 5, Transcript of January 22, 1999 Hearing, pp. 49-50.) Within a few minutes, however, the two sides of the motion to rescind, Suzio and Adelman, had gathered in the superintendent's conference room with one other board member in attendance, as well as the superintendent and the assistant superintendent. (ROR, Item 5, Transcript of January 22, 1999 Hearing, p. 61.) More than a "check" of a helpful book then occurred.
The record indicates that the superintendent testified that the session was an attempt to bring opposite sides together and was "a repetition. of what had already gone on in public session such as this is why I want to rescind, this is why I think the motion is a strong motion. . . ." (ROR, Item 5, Transcript of January 22, 1999 Hearing, pp. 60-61.) She stated that a principal reason for convening the recessed gathering was simply to avoid looking confused on television as Roberts Rules was poured over. (ROR, Item 5, Transcript of January 22, 1999 Hearing, p. 61.) Adelman indicated that the discussion involved the status of the contract and whether it was possible to rescind it. (ROR, Item 5, Transcript of January 22, 1999 Hearing, p. 52.) Subsequently, the Board returned to its meeting with Adelman successfully moving to table Suzio's motion until the Board's attorney could review the matter.[4]
The record clearly indicates that the events in the conference room were an integral part of the meeting of the Board, used to resolve a contentious issue and thus constitute a proceeding. The FOIC's conclusion that the so-called recess was a continuation of the school board meeting in private session is therefore affirmed and supported by substantial evidence contained in the record. Domestic Violence Services of GreaterNew Haven v. FOIC, 47 Conn. App. 466, 469-70 (1998) (the court cannot retry the case or substitute its judgment for that of the agency). Therefore, the appeal is dismissed.
Henry S. Cohn, Judge