LEE AND LAMONT REALTY *v.* PLANNING AND
ZONING COMMISSION OF THE
TOWN OF VERNON
(AC 29094)

Bishop, Gruendel and Lavery, Js.

Argued October 10, 2008—officially released February 3, 2009

*Leonard Jacobs*, with whom, on the brief, were *Steven M. Basche* and *Michael J. Bonnano*, for the appellant (plaintiff).

*Susan Boyan*, for the appellee (defendant).

*Opinion*

LAVERY, J. The plaintiff, Lee & Lamont Realty, appeals from the judgment of the trial court dismissing its appeal from the decision of the defendant, the planning and zoning commission of the town of Vernon (commission), to amend the Vernon zoning regulations and the Vernon zoning map. The plaintiff claims impropriety in (1) the commission's consideration of a memorandum from a commission member after the public hearing was closed and (2) the commission's instituting

a 200 foot buffer along an interstate highway. We affirm the judgment of the trial court.

The following facts are relevant to the plaintiff's appeal. On May 3, 2005, the Vernon town planner filed an application with the commission to update the zoning regulations and zoning map. He proposed several changes, including the elimination of the existing planned mixed use development zone and the creation in its place of two separate planned development zones. The planned development zone referred to as the "I-84 exit # 67 area" is the subject of this appeal and is owned by the plaintiff.

The commission held a public hearing on the proposed amendments on June 9, 2005, and closed the public hearing testimony that night. The commission continued the public hearing at a special meeting on June 13, 2005, for summation and final questioning by the commission. The commission adopted the proposed amendments on June 13, 2005. The final adopted regulations require an additional twenty-five feet of depth to the front, rear and side yards for each additional 20,000 square feet of building footprint over an initial 40,000 square feet to a maximum 200 foot depth. The meeting minutes list the rationale for the zoning amendments as necessary for "preventing an undesirable situation from occurring" and that the commission's "[i]ntent is to have growth that is controlled and [to] preserve the character and quality of life of the [t]own." Further, the commission included a purpose section in the amendment that reads: "This district encompasses an area which is served by an interstate highway and two (2) [s]tate roads. The purpose of this district is to provide for development that can take advantage of this transportation infrastructure and contribute to the economic development and fiscal improvement of the community, while being compatible with the [t]own [p]lan of [c]onservation and [d]evelopment and taking into account

the existing commercial and residential development and to avoid negative impacts of traffic and negative impacts on existing natural resources, especially in regard to the environmental characteristics, constraints, and resources of the Tankerhoosen [r]iver [w]atershed."

The plaintiff appealed to the court from the zoning regulation and zoning map change, and the court dismissed the appeal in a memorandum of decision. After this court granted certification, the plaintiff timely filed this appeal. Additional facts will be set forth as necessary.

I

The plaintiff first claims that it was improper for the commission to consider a memorandum from a commission member after the public hearing was closed. The commission argues that the information in the memorandum did not constitute new evidence and therefore was not improper. We agree with the commission.

At issue is an e-mail sent by one commission member to the other members that included a memorandum prepared by the commission member.[1] The e-mail begins with a statement from the commission member: "It is apparent to me that one major issue to be addressed in tonight's meeting is the graduated open-space requirements for buildings over 40,000 square feet. I have taken the time to review my notes from the various public hearings and all of the written submissions, and wanted to put my thoughts [into] writing."

[1] We note that one member of the commission sent her memorandum to the other members through an e-mail. There is no indication that any of the recipients of the e-mail responded. Had there been some collective back and forth of e-mails, it could have been considered a meeting. See *Windham* v. *Freedom of Information Commission*, 48 Conn. App. 529, 711 A.2d 741 (1998).

The trial court found that this "memorandum is merely a summary of her opinion based on her personal knowledge and, as such, constitutes a legitimate part of the commission's deliberations."

General Statutes § 4-181 (b) provides: "Notwithstanding the provisions of subsection (a) of this section, a member of a multimember agency may communicate with other members of the agency regarding a matter pending before the agency, and members of the agency or a hearing officer may receive the aid and advice of members, employees, or agents of the agency if those members, employees, or agents have not received communications prohibited by subsection (a) of this section."

"We have in the past permitted lay members of commissions to rely on their personal knowledge concerning matters readily within their competence, such as traffic congestion and street safety . . . and local property values." (Citations omitted.) *Feinson* v. *Conservation Commission*, 180 Conn. 421, 427, 429 A.2d 910 (1980). "When acting in its legislative capacity, a commission has broad discretion and is entitled to take into consideration facts learned through personal knowledge or observation in order to develop responsible planning for the present and future development of the community." *Sowin Associates* v. *Planning & Zoning Commission*, 23 Conn. App. 370, 375, 580 A.2d 91, cert. denied, 216 Conn. 832, 583 A.2d 131 (1990).

"While proceedings before zoning and planning boards and commissions are informal and are conducted without regard to the strict rules of evidence . . . nevertheless, they cannot be so conducted as to violate the fundamental rules of natural justice. . . . The commission could not properly consider additional evidence submitted by an applicant after the public hearing without providing the necessary safeguards

guaranteed to the opponents of the application and to the public." (Citations omitted.) *Pizzola* v. *Planning & Zoning Commission*, 167 Conn. 202, 207, 355 A.2d 21 (1974).

A careful review of the record reveals that the e-mail contained a summary of the commission member's opinion. Further, the information contained in the memorandum had been discussed by the public during the public hearing on June 9, 2005. When made by a commission member, such an expression is permissible while the commission is deliberating. This expression of opinion by the commission member did not violate the rules of "natural justice" or due process. Id.

## II

The plaintiff next claims that the commission's decision to impose a 200 foot buffer along Interstate 84 was an abuse of its legislative authority and not supported by sufficient evidence in the record. The commission argues that the buffer requirement was reasonably related and narrowly tailored to accomplish a proper exercise of its police power and is supported by the record. We agree with the commission.

The following facts are relevant to the plaintiff's claim. Before the proposed amendments were set forth by the town planner and a consultant for the commission, three meetings were held to obtain public input on what needed to be addressed with the amendments. The concerns expressed that were considered in drafting the zoning amendments were the lack of protection for the environment, storm water management and clarity on prohibited uses. Specifically, the consultant stated that "[t]he purpose of the [new] zone was expanded once again to help clarify what the commission wants to happen there and so that the public as well as applicants could realize ahead of time what the

real purposes of the zone are." The economic development coordinator expressed his opinion, considering the setback along the interstate highway, that he did "not see the value in requiring sizable yard requirements along property boundaries that do not abut residential land." The consultant for the commission made a presentation regarding the purpose of the yard setbacks, which was to limit the buildable area. The discussion of the commission focused on being able to limit building size and keeping the density of the buildings in the area relatively low.

"In adopting or amending zoning regulations, the commission acts in a legislative capacity." *Arnold Bernhard & Co.* v. *Planning & Zoning Commission*, 194 Conn. 152, 164, 479 A.2d 801 (1984). "Acting in such a legislative capacity, the [planning and zoning authority] has wide and liberal discretion . . . and is free to amend its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change. . . . Legislative decisions reached by [a planning and zoning] commission must be upheld by the trial court if they are *reasonably supported by the record.* . . . In appeals from administrative zoning decisions, by contrast, the decisions will be invalidated even if they were reasonably supported by the record, if they were not supported by substantial evidence in that record." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Dutko* v. *Planning & Zoning Board*, 110 Conn. App. 228, 230–31, 954 A.2d 866 (2008).

"Our Supreme Court often has articulated the proper, limited scope of judicial review of a decision of a local planning and zoning authority. [T]he commission, acting in a legislative capacity, [has] broad authority to adopt [zoning] amendments. . . . In such circumstances, it is not the function of the court to retry the case. Conclusions reached by the commission must be

upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. . . . Acting in such legislative capacity, the local board is free to amend [or decline to amend] its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change. . . . The discretion of a legislative body, because of its constituted role as formulator of public policy, is much broader than that of an administrative board, which serves a quasi-judicial function. . . . This legislative discretion is wide and liberal, and must not be disturbed by the courts unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally. . . . Zoning must be sufficiently flexible to meet the demands of increased population and evolutionary changes in such fields as architecture, transportation, and redevelopment. . . . The responsibility for meeting these demands rests, under our law, with the reasoned discretion of each municipality acting through its duly authorized zoning commission." (Internal quotation marks omitted.) Id., 232–33. "Within these broad parameters, [t]he test of the action of the commission is twofold: (1) The zone change must be in accord with a comprehensive plan . . . and (2) it must be reasonably related to the normal police power purposes enumerated in [General Statutes] § 8-2 . . . ." (Citations omitted; internal quotation marks omitted.) *Protect Hamden/North Haven from Excessive Traffic & Pollution* v. *Planning & Zoning Commission*, 220 Conn. 527, 544, 600 A.2d 757 (1991).

"Appeals from legislative zoning decisions require a showing that the commission has acted arbitrarily . . .

illegally . . . or in abuse of discretion. . . . Legislative decisions reached by [a planning and zoning] commission must be upheld by the trial court if they are reasonably supported by the record. . . . A zoning commission is not required to give reasons for denying a zone change application [but] [w]here reasons are given, it is sufficient if any one of the reasons would be a valid basis to deny the application. . . . In accordance with these principles, in [an] appeal from the commission's [legislative] decision, the commission's only burden before the trial court [is] to show that the record before the [commission] support[ed] the decision . . . and that the commission did not act arbitrarily . . . illegally . . . or in abuse of discretion." (Citation omitted; internal quotation marks omitted.) *Dutko* v. *Planning & Zoning Board*, supra, 110 Conn. App. 233.

A review of the record reveals that the setbacks were debated at length and fully considered in light of the comprehensive plan for development and the commission's legislative powers. The record supports the decision of the commission and the decision was not arbitrary or illegal. Accordingly, the court properly dismissed the plaintiff's appeal.

The judgment is affirmed.

In this opinion the other judges concurred.