******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN HERASIMOVICH *v.* TOWN OF
WALLINGFORD ET AL.
(AC 34643)
(AC 34644)

Lavine, Beach and Sheldon, Js.

*Argued January 7—officially released April 8, 2014*

(Appeal from Superior Court, judicial district of New
 Haven, Hon. Robert I. Berdon, judge trial referee.)

*Janis M. Small*, corporation counsel, for the appel-
lant in AC 34643 (named defendant et al.).

*David H. Wrinn*, assistant attorney general, with
whom, on the brief, was *George Jepsen*, attorney gen-
eral, for the appellant in AC 34644 (defendant Commis-
sioner of Energy and Environmental Protection).

*John L. Cordani*, *Jr.*, with whom, on the brief, was
*Vincent T. McManus*, for the appellee (plaintiff).

*Opinion*

LAVINE, J. The defendants, the town of Wallingford, the Wallingford Planning and Zoning Commission acting as Aquifer Protection Agency (agency), and Daniel Esty, the Commissioner of Energy and Environmental Protection (commissioner), appeal from the judgment of the Superior Court sustaining the appeal of the plaintiff, John Herasimovich, from the decision of the agency amending its aquifer protection regulations.[1] The defendants claim that the court erroneously sustained the plaintiff's appeal when it (1) applied an adjudicatory standard of review to the agency's legislative action of amending its regulations, and (2) determined that the agency's notice of a public hearing was deficient. We agree with the defendants and, accordingly, reverse the judgment of the court.[2]

The relevant procedural and factual history is as follows. The plaintiff is the owner of a business that services lawn mowers and other small engine equipment. His business is located in Wallingford in an area subject to regulation under the Aquifer Protection Act (act), General Statutes § 22a-354g et seq. The purpose of the act is to prevent the contamination of drinking water. See General Statutes § 22a-354g. Under the act, the Department of Energy and Environmental Protection (department) has general oversight, but much of the regulation and administration is delegated to local entities, in this case, the agency. See General Statutes § 22a-354o.

In August, 2005, the agency notified the plaintiff that he was required to register his business as a "regulated activity" pursuant to the Wallingford Aquifer Protection Areas Regulations (regulations). The regulations defined a "regulated activity" in relevant part as the "repair or maintenance of vehicles or internal combustion engines of vehicles, involving the use, storage or disposal of hazardous materials, including solvents, lubricants, paints, brake fluids, transmission fluids or the generation of hazardous wastes." Wallingford Aquifer Protection Areas Regs., § 2. The regulation defined "vehicle" as "any vehicle propelled or drawn by any non-muscular power including without limitation an automobile, aircraft, all-terrain vehicle, snowmobile or vessel." Id. The agency contended that servicing lawn mowers was a "regulated activity" because lawn mowers are powered by internal combustion engines.

The plaintiff refused to register, contending that lawn mowers were not covered under the regulation. In response, in October, 2007, the agency amended the regulations to include lawn mowers within the definition of "regulated activity." The plaintiff appealed the agency's action to the Superior Court and the court, *A. Robinson, J.*, sustained the appeal. The court found the regulation to be valid, but determined that the public

notice of the proposed amendment was deficient.

The agency issued a second public notice and the proposed amendment was again adopted by the agency on November 20, 2009. The plaintiff again appealed, and the court, *Hon. Robert I. Berdon*, judge trial referee, sustained the plaintiff's appeal, finding that the agency's action was not supported by substantial evidence, and that the public notice published by the agency was deficient. The defendants, on the granting of certification, thereafter filed these appeals.

On appeal, the defendants claim that the court improperly (1) reviewed the agency's action under the substantial evidence standard, and (2) found the public notice to be deficient. We agree with the defendants and, accordingly, reverse the judgment of the court.

I

We first address the defendants' claim that the court failed to employ an appropriately deferential standard of review when it applied the "substantial evidence" test to the plaintiff's administrative appeal.

When a party claims that the trial court employed an improper standard of review, our review on appeal is de novo because such a claim necessarily involves a question of law. See *Wallingford* v. *Dept. of Public Health*, 262 Conn. 758, 771, 817 A.2d 644 (2003).

It is a well settled precept of administrative law that agency actions are subject to different standards of review depending on the nature of the agency action. When an agency is acting in its adjudicative capacity, and engaged in fact-finding, the agency's action will be upheld only when the agency can demonstrate that the action is supported by substantial evidence. See *Tarullo* v. *Inland Wetlands & Watercourses Commission*, 263 Conn. 572, 583–87, 821 A.2d 734 (2003) (applying substantial evidence standard to review decision granting wetlands permit). Where the agency is functioning in its legislative, or a rule-making capacity, however, the standard of review is substantially more deferential, and a regulation "must be upheld by the [reviewing] court if [it is] reasonably supported by the record"; (emphasis omitted; internal quotation marks omitted) *Lee & Lamont Realty* v. *Planning & Zoning Commission*, 112 Conn. App. 484, 490, 963 A.2d 98 (2009); and the aggrieved party fails to demonstrate that the agency's action was arbitrary, illegal, or an abuse of discretion. See *Kaufman* v. *Zoning Commission*, 232 Conn. 122, 152–53, 653 A.2d 798 (1995).

In the present case, the court improperly applied the substantial evidence standard of review to the agency's legislative act. The agency was functioning in its legislative capacity and not in an adjudicative fashion when it amended its regulations to clarify the definition of "regulated activity." In amending the text of the regulation, the agency was not engaged in making a factual

determination as to whether the plaintiff's business itself was a "regulated activity," but, rather, was engaged in adopting a regulation of general applicability. Notwithstanding the fact that the plaintiff's counsel,[3] introduced numerous issues when he commented at the public hearing, including whether the plaintiff's property was located in the regulated area, the purpose of the hearing was to consider a narrow amendment to the regulations. The introduction of new issues through the statements and arguments of counsel does not change the fact that the agency was engaged in a legislative act that is entitled to judicial deference.

We therefore conclude that the court applied the wrong standard of review in adjudicating the plaintiff's appeal. Because an appeal from an administrative agency is based solely on the record, we will review the agency's action under the appropriate standard of review. See *Rapoport* v. *Zoning Board of Appeals*, 301 Conn. 22, 34, 19 A.3d 622 (2011). When reviewing a challenge to an agency's legislative action, the action is entitled to deference and will be upheld so long as the regulation finds reasonable support in the record and is authorized by statute. See *Kaufman* v. *Zoning Commission*, supra, 232 Conn. 152–53; *Lee & Lamont Realty* v. *Planning & Zoning Commission*, supra, 112 Conn. App. 490–91.

On the basis of our own review of the record, we conclude that the amendment to the regulations was reasonably supported by the record and that the regulation was authorized by the act. The purpose of the act is to prevent the contamination of drinking water and, pursuant to the act, the agency was charged with adopting regulations and administering the act in the town. See General Statutes § 22a-354p (f).[4] The amendment at issue was introduced "to clarify that the repair and maintenance of all combustion engines is a regulated activity." The agency had before it ample documentation that supported the proposed amendment, including reports concerning the environmental danger of internal combustion engine repair generally, as well as the contamination hazards inherent in lawn care businesses. Moreover, in a letter dated September 5, 2007, the department approved the agency's proposed amendment, stating that it was "reasonably related to the purpose of groundwater protection" and consistent with the act. The record also reveals that on October 1, 2007, the department amended its model aquifer protection regulations[5] to expressly include lawn mowers within its definition of "vehicles."

On the basis of our review of the record, we conclude that the amendment was reasonably supported by the record and that the regulation was proper.

## II

The defendants' second claim is that the court

improperly found the public notice for the hearing to be deficient. Judge Berdon determined that the notice was deficient because it failed to inform the public as to all of the issues that were discussed during the public hearing. The court reasoned that because this hearing was a "do-over" of the previous hearing that occurred in October, 2007, the agency was required to give notice of all of the issues which had been addressed in the previous hearing.[6] We disagree that the notice was deficient.

To be adequate, the notice is required to fairly and sufficiently apprise those who may be affected of the nature and character *of the action proposed*, in order to make possible intelligent preparation for participation in the hearing. See *Nazarko* v. *Zoning Commission*, 50 Conn. App. 517, 519, 717 A.2d 853, cert. denied, 247 Conn. 941, 723 A.2d 318 (1998).

In this case the notice requirement was satisfied.[7] Here, the agency proposed amending the regulations to include repairing lawn mowers with internal combustion engines as a "regulated activity." The notice provided the public with sufficient information concerning the date, time, and location of the hearing. The notice also specifically listed the content of the amendments that were to be considered.[8] The agency proposed a simple amendment to its regulations so that lawn mower repair would be included within the definition of a "regulated activity." Any issues raised by the plaintiff outside of the proposed action were simply not relevant to the proceeding and surely did not trigger public notice. Notice is only required as to issues related to the action that the agency proposes. See *Urbanowicz* v. *Planning & Zoning Commission*, 87 Conn. App. 277, 298, 865 A.2d 474 (2005). For obvious reasons, a party cannot be permitted to expand the scope of an administrative hearing, and then on appeal, claim error when the notice does not encompass the issues that he introduced. On the basis of our review of the record, we conclude that the court improperly concluded that the agency's notice was legally insufficient.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the plaintiff's appeal.

In this opinion the other judges concurred.

[1] The commissioner was not a party to the agency's regulation amendment process, but rather was served with the plaintiff's administrative appeal and appeared as a defendant before the Superior Court pursuant to General Statutes § 22a-354q (a). The commissioner advances the same principal claims in his appeal as those advanced by the town of Wallingford and the agency in their appeal.

[2] Following oral argument before this court, the plaintiff filed motions to dismiss each appeal for lack of subject matter jurisdiction pursuant to Practice Book § 66-8. The plaintiff contended that this court lacked jurisdiction because the agency's act of amending its regulations was ultra vires. The defendants each opposed the motion filed in their respective appeals, arguing that the motions to dismiss were an attempt to introduce additional arguments not presented in the plaintiff's brief. The motions are denied. This court has jurisdiction over any final judgment of the Superior Court

even if that court lacked jurisdiction. See *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 534 n.22, 911 A.2d 712 (2006).

[3] The plaintiff's counsel who argued his appeal before this court did not represent him before the agency or in the Superior Court.

[4] General Statutes § 22a-354p (f) provides in relevant part: "Any regulations adopted by an agency under this section shall not be effective unless the Commissioner of Energy and Environmental Protection determines that such regulations are reasonably related to the purpose of groundwater protection . . . . A regulation adopted by a municipality shall not be deemed inconsistent if such regulation establishes a greater level of protection . . . ."

[5] We note that General Statutes § 22a-354*l* expressly provides that the model regulations "may be considered by municipal aquifer protection agencies in adopting regulations pursuant to [the act]."

[6] At the previous hearing, the plaintiff's counsel argued that boundaries for the area subject to the regulations were improperly drawn and that there was no evidence that the plaintiff's business contaminated the groundwater.

[7] General Statutes § 22a-354p (b) provides in relevant part: "No regulations of an aquifer protection agency shall become effective or be established until after a public hearing in relation thereto is held by the agency at which parties in interest and citizens shall have an opportunity to be heard. Notice of the time and place of such hearing shall be published in the form of a legal advertisement, appearing at least twice in a newspaper having a substantial circulation in the municipality at intervals of not less than two days, the first not more than twenty-five days or less than fifteen days, and the last not less than two days, before such hearing, and a copy of such proposed regulation shall be filed in the office of the town, city or borough clerk, as the case may be, in such municipality, for public inspection at least ten days before such hearing, and may be published in full in such paper. . . ."

[8] The notice provided in relevant part: "Two (2) amendments to the Aquifer Protection Areas Regulations as follows:

1. REPLACE SECTION 2, DEFINITIONS—*Regulated Activity* with the following:

D. Repair or maintenance of vehicles or internal combustion engines or transmissions, including but not limited to, those associated with vehicles, lawnmowers, snow blowers, lawn maintenance equipment, garden or landscaping equipment, farm equipment, compressors, which involve the use, storage, or disposal of hazardous material including solvents, lubricants, paints, brake fluids, transmission fluids or the generation of hazardous materials or wastes.

2. REPLACE SECTION 2, DEFINITIONS—*Vehicle*(*s*) with the following:

Includes any device propelled or drawn by any non-muscular power, including, without limitation, an automobile, aircraft, all-terrain vehicle, snowmobile or vessel." (Emphasis in original.)

———————————————