## DOUGLAS DORTENZIO *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
### (14837)
### (15037)

Foti, Heiman and Spear, Js.

Argued May 29—officially released July 30, 1996

*Victor R. Perpetua,* commission counsel, with whom, on the brief, were *Catherine Wassel-Nasto,* commission counsel, and *Mitchell W. Pearlman,* general counsel, for the appellant (named defendant).

*Maureen M. Murphy,* for the appellant (defendant Douglas J. Fairchild).

*Janis M. Small,* town attorney, for the appellee (plaintiff).

HEIMAN, J. The defendants, freedom of information commission (FOIC) and Douglas Fairchild, appeal[1] from the judgment of the trial court sustaining the plaintiff's administrative appeal from the decision of the FOIC. The FOIC claims that the trial court improperly (1) substituted its judgment for that of the FOIC and (2) concluded that the predisciplinary conference at issue was not a "meeting" pursuant to General Statutes § 1-18a (b).[2] Fairchild asserts that the trial court improperly (1) concluded that the predisciplinary conference at issue was not a meeting pursuant to § 1-18a (b) and (2) relied on a provision in the collective bargaining agreement between the town and the police union local. We agree with the FOIC's first claim and, on that basis, reverse the judgment of the trial court and remand the case for further proceedings.

The following facts are relevant to our disposition of this appeal. In July, 1993, and for a period of time prior thereto, Fairchild was a Wallingford police sergeant and the plaintiff was the Wallingford chief of police. On July 30, 1993, the plaintiff, by a written memorandum,

---

[1] The defendants appealed separately from the judgment of the trial court. The appeals are consolidated here.

[2] General Statutes § 1-18a (b) provides: " 'Meeting' means any hearing or other proceeding of a public agency, any convening or assembly of a quorum of a multimember public agency, and any communication by or to a quorum of a multimember public agency, whether in person or by means of electronic equipment, to discuss or act upon a matter over which the public agency has supervision, control, jurisdiction or advisory power. 'Meeting' shall not include: Any meeting of a personnel search committee for executive level employment candidates; any chance meeting, or a social meeting neither planned nor intended for the purpose of discussing matters relating to official business; strategy or negotiations with respect to collective bargaining; a caucus of members of a single political party notwithstanding that such members also constitute a quorum of a public agency; an administrative or staff meeting of a single-member public agency; and communication limited to notice of meetings of any public agency or the agendas thereof. 'Caucus' means a convening or assembly of the enrolled members of a single political party who are members of a public agency within the state or a political subdivision."

ordered Fairchild to appear at a "predisciplinary confer-
ence" to take place before the plaintiff on August 24,
1993, in the plaintiff's conference room. The memoran-
dum indicated that Fairchild's work performance was
to be the subject of the conference. After he received
the memorandum, Fairchild requested that the confer-
ence be open to the public and that he be allowed to
tape-record the proceedings. The plaintiff denied Fair-
child's requests, and the conference was held in private.
Only the plaintiff was allowed to tape-record the confer-
ence. Fairchild attended the conference accompanied
by union representatives. Subsequent to the conference,
the plaintiff disciplined Fairchild.

On September 2, 1993, Fairchild filed a complaint
with the FOIC, claiming that the plaintiff violated the
Freedom of Information Act[3] when he denied Fairchild's
requests to open the conference to the public and to
tape-record the conference. A hearing was held before
an FOIC commissioner on November 18, 1993. At the
hearing, Fairchild claimed that the conference was a
meeting pursuant to § 1-18a (b) and that, consequently,
he should have been permitted to tape-record the con-
ference and to have it open to the public pursuant to
General Statutes §§ 1-21 (a)[4] and 1-21a (a).[5] Fairchild
asserted that, pursuant to § 1-18a (b), the conference
met the definition of a meeting because it was a "hearing
or other proceeding of a public agency . . . to discuss

---

[3] General Statutes § 1-15 et seq.

[4] General Statutes § 1-21 (a) provides in pertinent part: "The *meetings* of
all public agencies, except executive sessions as defined in subsection (e)
of section 1-18a, shall be open to the public. . . ." (Emphasis added.)

[5] General Statutes § 1-21a (a) provides in pertinent part: "At any *meeting*
of a public agency which is open to the public, pursuant to the provisions
of section 1-21, proceedings of such public agency may be recorded, photo-
graphed, broadcast or recorded for broadcast, subject to such rules as such
public agency may have prescribed prior to such meeting, by any person
or by any newspaper, radio broadcasting company or television broadcasting
company. . . ." (Emphasis added.)

or act upon a matter over which the public agency has supervision, control, jurisdiction or advisory power. . . ." Fairchild indicated that the conference may have been an "executive session,"[6] a type of meeting from which the public may be excluded, however, he argued that the executive session exception did not apply. Fairchild requested that the August 24, 1993 conference be declared "null and void" and that future predisciplinary conferences before the plaintiff be considered meetings under § 1-18a (b).

In response to Fairchild's contentions, the plaintiff claimed that the predisciplinary conference was not a meeting under § 1-18a (b). The plaintiff asserted that under § 1-18a (b), the conference was excepted from being a meeting because it was "an administrative or staff meeting of a single-member public agency."[7] The plaintiff raised no other reason why the conference should not be considered a meeting under § 1-18a (b).

The commissioner issued a final decision that was adopted by the FOIC. The FOIC determined that the plaintiff had violated §§ 1-21 (a) and 1-21a (a).[8] The FOIC rejected the plaintiff's claim that the predisciplinary conference was an administrative or staff meeting of a single-member public agency under § 1-18a (b). The FOIC agreed with Fairchild and found that the conference was a meeting pursuant to § 1-18a (b) because it was a "proceeding" of a public agency, namely, the Wallingford police department.[9] The FOIC

---

[6] See General Statutes § 1-18a (e).

[7] See footnote 2.

[8] See footnotes 4 and 5.

[9] The FOIC's findings were, in pertinent part, as follows: "The [plaintiff] claims that the subject conference was not a meeting of a public agency within the meaning of § 1-18a (b) . . . but rather was an administrative or staff meeting of a single-member public agency to which § 1-21 (a) . . . is not applicable. . . . It is found that the town of Wallingford has no independent police commission charged with disciplining its police officers. . . . It is found that with respect to the conference, the [plaintiff] police chief

did not declare the August 24, 1993 conference to be null and void, but rather, it ordered the plaintiff to comply with §§ 1-21 (a) and 1-21a (a) in the future.

The plaintiff appealed from the FOIC's decision to the trial court. The trial court sustained the plaintiff's appeal, finding that the FOIC improperly determined that the predisciplinary conference should have been open to the public. In its memorandum of decision, the court stated: "The court has reviewed the whole record and the arguments of counsel and concludes that the conference was part of the grievance procedure established by the collective bargaining agreement between the town and the police union. That being so, the conference was not a 'meeting' as that term is defined in § 1-18a (b) and was not subject to the requirement of § 1-21 that 'meetings' be held in public." It is clear from the memorandum of decision that the trial court was persuaded by the plaintiff's argument that the conference was not a meeting pursuant to § 1-18a (b) because it was "strategy or negotiations with respect to collective bargaining."[10] This argument, however, was never raised before the FOIC and was raised for the first time on appeal to the trial court.[11]

did not act merely in a supervisory capacity to the [defendant Fairchild]; rather he acted as the individual authorized to render discipline on behalf of the police department. . . . It is accordingly concluded that the subject conference was a proceeding of the Wallingford police department, and accordingly constituted a meeting within the meaning of § 1-18a (b). . . . It is concluded that the [plaintiff] violated the provisions of § § 1-21 (a) and 1-21a (a) . . . under the facts of this case."

[10] See footnote 2.

[11] Subsequent to the defendants' filing of their appeals to this court, the plaintiff filed a motion for articulation; see Practice Book § 4051; requesting that the trial court address the plaintiff's contention that the predisciplinary conference was "an administrative or staff meeting of a single-member public agency." The trial court denied the motion. Subsequently, the plaintiff filed in this court a motion for review of the trial court's denial of the motion for articulation. See Practice Book § 4054. In his motion for review, the plaintiff requested that we order the trial court to elaborate on its decision in the manner requested by the plaintiff in his motion for articulation. We

We address the FOIC's first claim, namely, that the trial court improperly substituted its judgment for that of the FOIC. The gravamen of the FOIC's claim is that the trial court, in determining that the predisciplinary conference was not a meeting pursuant to § 1-18a (b) because it fell under the exception of being "strategy or negotiations with respect to collective bargaining," failed to confine its review of the FOIC's decision to the issues raised and the findings in the administrative record. We agree. Because our resolution of this claim is dispositive of the defendants' appeal, we do not reach the remaining issues raised by the defendants.

"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, §§ 4-166 through 4-189), and the scope of that review is very restricted. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the defendant. . . . *New Haven* v. *Freedom of Information Commission*, 205 Conn. 767, 773, 535 A.2d 1297 (1988). Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found

granted the motion for review but denied the relief requested. "An articulation is not an opportunity for a trial court to substitute a new decision nor to change the reasoning or basis of a prior decision." (Internal quotation marks omitted.) *Sawmill Brook Racing Assn., Inc.* v. *Boston Realty Advisors, Inc.*, 39 Conn. App. 444, 449, 664 A.2d 819 (1995). "An articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification." *State* v. *Wilson*, 199 Conn. 417, 435, 507 A.2d 1367 (1986). An articulation may be required where the trial court has stated no basis for its decision or where the basis is unclear. Id., 434. The trial court's decision contained no ambiguity and the basis for its decision was entirely clear on its face. Presently, it is our task to determine whether the trial court reached its decision improperly.

and could reasonably and logically follow from such facts. . . . [Id., 774.] Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement. . . . *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986); see also *New Haven* v. *Freedom of Information Commission,* supra, 773–74; *Wilson* v. *Freedom of Information Commission,* 181 Conn. 324, 342–43, 435 A.2d 353 (1980). . . . *Perkins* v. *Freedom of Information Commission,* [228 Conn. 158, 164–65, 635 A.2d 783 (1993)]. . . . *Connecticut Alcohol & Drug Abuse Commission* v. *Freedom of Information Commission,* 233 Conn. 28, 39, 657 A.2d 630 (1995)." (Internal quotation marks omitted.) *Hartford* v. *Freedom of Information Commission,* 41 Conn. App. 67, 72–73, 674 A.2d 462 (1996).

The administrative record reveals that the FOIC determined, on the basis of the evidence before it, that there was no support for the plaintiff's refusal to allow the predisciplinary conference to be open to the public or to be tape-recorded by Fairchild. See id., 73. The FOIC's decision "met the factual situation as presented"; id.; namely, whether the predisciplinary conference was a meeting subject to public exposure *or* an administrative or staff meeting of a single-member public agency that would be exempt from public exposure. This was the sole issue presented to the FOIC for analysis under § 1-18a (b).[12]

---

[12] The FOIC record contains excerpts from the town of Wallingford charter and the agreement between the town of Wallingford and the Wallingford police union local. The excerpts concern the powers and duties of the police chief regarding the discipline of police employees. There is no indication in the record that the plaintiff submitted these excerpts for any reason other than to assist in explaining the disciplinary process.

The trial court "needlessly enlarged the issue on appeal"; id.; by examining the question of whether the predisciplinary conference consisted of "strategy or negotiations with respect to collective bargaining" under § 1-18a (b), an argument not found in the administrative record. See id. Such an argument was neither raised before nor addressed by the FOIC. "Although the trial court might well have reached a conclusion different from that reached by the [FOIC], the limited scope of review set forth in § 4-183 (j), and expressed by our appellate courts, does not allow that result. Here, the trial court improperly traveled a different path rather than determining whether the [FOIC] properly trod on the stepping stones of the path it took." Id., 74. We therefore conclude that the trial court improperly substituted its judgment for that of the FOIC. On remand, the trial court must apply the proper scope of review in examining the FOIC's decision.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.