[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Barbara Ezikovich appeals the dismissal by the defendant commission on human rights opportunities (CHRO) of her complaint of employment discrimination against the defendant department of public health (DPH). In that complaint, the plaintiff claimed she suffered discrimination and retaliation as an employee of DPH because of her physical disability in violation of General Statutes §§ 46a-58 (a), 46a-60 (a)(1) and46a-60 (a)(4); Title VII of the Civil Rights Act of 1964,42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991; and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. The CHRO dismissed the complaint pursuant to General Statutes § 46a-83 (c), and the plaintiff appealed pursuant to General Statutes §§ 46a-83a and 46a-94a.
The plaintiff's complaint, filed with the CHRO on November 2, 1995, CT Page 5998 alleged that she is physically disabled because of chronic fatigue syndrome. She has been employed as a health program associate for the DPH for fifteen years. Her claims of discrimination and retaliation arise from changes in her work schedule and work site that took place in September and October, 1995. Specifically, she alleged that the DPH revoked her flexible work schedule (one with no fixed arrival time) and work site accommodation (twenty miles from home) by imposing an inflexible 11:30 a.m. to 4:30 p. m. schedule and requiring her to travel fifty-two miles to Hartford to report to work. She argued to the CHRO that this was not a reasonable accommodation as required under the law and that she suffered discrimination through retaliation. After receiving a response from the DPH, information from both parties, and conducting fact-finding interviews, the CHRO sent both the plaintiff and the DPH a proposed finding of no reasonable cause and summary on November 22, 1996. Comments to the proposed decision were received from both parties, and, on December 17, 1996, the CHRO dismissed the complaint for no reasonable cause and issued a summary of its findings. The plaintiff filed this appeal on January 30, 1997.
The plaintiff raises five issues on appeal. First, she claims that the CHRO misunderstood the law of reasonable accommodation under the ADA by finding that the DPH had reasonably accommodated the plaintiff. Second, she asserts that the CHRO performed an inadequate investigation by failing to consider all relevant issues, failing to interview key witnesses and conducting improper witness interviews. Third, she argues that the CHRO erroneously applied the union contract pertaining to the plaintiff's employment by 1) considering it at all, and 2) misinterpreting its terms. Fourth, the plaintiff claims that the CHRO applied the incorrect standard of law in rejecting her claim of retaliation. Fifth, she states that the CHRO erroneously ignored General Statutes § 5-248c which requires the DPH to offer her a voluntary schedule reduction.
The scope of the court's review of an agency's decision is very limited. Under General Statutes § 4-183(j), "the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record."
Furthermore, "[j]udicial review of conclusions of law reached CT Page 5999 administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). "Ultimately, `[t]he question is not whether the trial court would have reached the same conclusion but whether the record before the [agency] supports the action taken.'" (Citations omitted.) Miko v. Commission onHuman Rights Opportunities, 220 Conn. 192, 201 (1991).
Before determining if there is substantial evidence in the record to support the CHRO's determination, the court must first address the plaintiff's claim that the CHRO failed to perform an adequate investigation. See Dufraine v. Commission on HumanRights and Opportunities, 236 Conn. 250, 261 (1996). General Statutes § 46a-83 (c) and (d) set forth the procedure the CHRO is to follow once a complaint has passed merit assessment review:
 (c) The executive director of the commission or his designee shall determine the most appropriate method for processing any complaint pending after review in accordance with subsection (b) of this section. The commission may conduct mandatory mediation sessions, expedited or extended fact-finding conferences or complete investigations or any combination thereof during the investigatory process for the purpose of finding facts, promoting the voluntary resolution of complaints or determining if there is reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint. As used in this section and section 46a-84, reasonable cause means a bona fide belief that the material issues of fact are such that a person of ordinary caution, prudence and judgment could believe the facts alleged in the complaint. . . .
 (d) Before issuing a finding of reasonable cause or no reasonable cause, the investigator shall afford each party and his representative an opportunity to provide written or oral comments on all evidence in the commission's file, except as otherwise provided by federal law or any other provision of the general statutes. The investigator shall consider such comments in making his determination. The investigator shall make a finding of reasonable cause or no reasonable cause in writing and shall list the factual findings on which it is based not later than twelve months from the date of filing of the complaint. . . .
(Emphases added). CT Page 6000
The court has reviewed the record and listened to the tapes of the two fact finding sessions. Under Adriani v. Commission onHuman Rights Opportunities, 220 Conn. 307, 316-17 (1991), the investigator must "consider all reliable probative evidence, including evidence unfavorable to a complainant's claim" to decide reasonable cause under General Statutes § 46a-83 (c). The investigator here has done so. While the plaintiff argues that the investigator failed to inquire into the costs to the DPH in accommodating the plaintiff as she requested, the record, particularly the taped interview, shows just the opposite. The investigator specifically asked the DPH representatives those questions and received responses. Further, the plaintiff's claim that key witnesses were not interviewed on the issue of working past 4:30 p. m. is without merit in light of the limited nature of their sworn statements and the information offered in the DPH's responding memorandum. (ROR 15-16, 59-60.) As to the claim that the investigator improperly interviewed witnesses with their supervisors, the cited authority is not persuasive. Here, the investigator allowed the plaintiff, her attorney and her union representative the opportunity to provide information at the fact finding session. The documentary record shows no thwarted attempts by the plaintiff or her attorney to offer more information or evidence than what was received. In other words, the investigator has followed the statutory mandate to afford each party the opportunity to produce and comment on the evidence. General Statutes § 46a-83 (d).
The plaintiff next claims that the CHRO misunderstood the legal standard for determining reasonable accommodation in finding that the work schedule given to the plaintiff was a reasonable accommodation and in failing to properly allocate the burden of proof on the issue of reasonable accommodation.
Under the ADA, discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless . . . [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the [employer's] business." 42 U.S.C. § 12112
(b)(5)(A). The CHRO made the following findings and conclusions on this issue:
 Respondent has offered complainant reasonable accommodation. Although complainant disputes this finding, complainant does not CT Page 6001 dispute the fact that respondent has offered accommodations but disagrees with the type of accommodation offered.
 A. The facts establish that in 1992 complainant was officially granted a work site accommodation. Although the functions of complainant's job was best completed and monitored in Hartford, complainant was granted an official accommodation to her work site and was allowed to work out of the Norwich Regional Day Care Licensing office three days a week and only required to come to Hartford two days a week.
 B. With the informal approval of complainant's supervisor, she was also allowed to unofficially implement an accommodation with respect to her work schedule. Complainant was able to report to work whenever she felt able, with no fixed start to work time, thereby working a reduced day while continuing to accrue leave time at the rate of a full-time employee.
 5. The undisputed facts set out that respondent's agency was forced to centralize in 1995 and all regional staff persons, including complainant, were brought into Hartford, thereby, ending her work site accommodation. However, complainant's new supervisor initiate[d] a formal accommodation for complainant's work schedule. That is, respondent offered complainant an 11:30 a.m. to 4:30 p. m. flex time schedule and still allowed her to be classified as a full time employee.
 6. Although complainant's work site accommodation was revoked with the centralization of the agency, respondent's offering of the 11:30 a.m. to 4:30 p. m. schedule accommodates complainant's difficulties with driving into Hartford in that it was complainant's testimony that because she has to drive to Hartford she cannot get to work before 11:30 a.m. Complainant has challenged respondent's withdrawal of her work site accommodation and asserts that respondent could place her in another state owned facility. Complainant further alleges that respondent allowed another staff person to remain in the Norwich region. Complainant admits however, that respondent no longer has any agency offices in Norwich. She further admits that the one person who was allowed to stay in the region was also forced to come to Hartford a few months later and that by the end of 1995 there were no individuals in regional offices. CT Page 6002
 7. Finally, although complainant has not been able to work a full work week, respondent has allowed her to maintain her full time employee status and accrue the benefits associated with that status. The facts further establish that as a full time employee complainant is also a part of the bargaining unit and any time respondent allows her to work over the seven hour work day would have to be compensated at an overtime rate. The credible testimony of respondent's personal administrator, Daniel Sullivan, was that as long as complainant was full time, her work day had to end at 4:30 p. m. regardless of when she started because any time over that would be overtime. Therefore, it is reasonable to infer that respondent's allowing complainant to continue full-time status while she has not work a full work week since 1992 is in itself an accommodation. (Exhibits A/1, B/11, B/16, B/19 — B/20, B/23 B/27, C/1 — C3, C/5 — C/10, D/1 — D/3)
(ROR, pp 9-10)
The CHRO did not misapply or misunderstand the law of reasonable accommodation. Based upon the plaintiff's complaint and the record the CHRO found that a fixed start work schedule was a reasonable accommodation and rejected the plaintiff's claim that reasonable accommodation was an at will. "work when she can" schedule. The plaintiff provided the court with no authority for the position that an at will schedule would be a reasonable
accommodation. In contrast, the defendants cited several cases which reject the "work when you can" schedule as a reasonable accommodation as a matter of law. Carr v. Reno, 23 F.3d 525, 530
(D.C. Cir. 1994); Kennedy v. Applause, Inc., 3 A.D. Cases 1734, 1740 (C.D.Cal. 1994); Walders v. Garrett, 765 F. Sup. 303 (E.D.Va. 1991), affirmed, 956 F.2d 1163 (4th Cir. 1992). See alsoBarfield v. Bell South Telecommunications, Inc., 886 F. Sup. 1321,1326 (S.D.Miss. 1995).
As noted in a 1995 Second Circuit decision, Borkowski v.Valley Center School Dist., 63 F.3d 131, 138 (1995), "`[r]easonable' is a relational term; it evaluates the desirability of a particular accommodation according to the consequences that the accommodating will produce." The conclusions of the CHRO as to reasonable accommodations follow the applicable law. Because the CHRO investigator found a reasonable accommodation, there was no reason for the DPH to show undue hardship. Riel v. EDS Corp. , 99 F.3d 678, 682 (5th Cir. 1996) ("The employee must show that the employer failed to implement a reasonable accommodation. . . .") Nevertheless, the CT Page 6003 record contains evidence to support the CHRO's finding that, based upon the plaintiff's particular history, the at-will schedule would be a hardship to the DPH. (ROR, 129-30, 133-34, 137-48, 152-43, 221-22, 232-34.) Further, the record contains substantial evidence that the plaintiff's request for worksite accommodation was not reasonable in light of the department's centralization.
The plaintiff further claims that the CHRO investigator erroneously applied the union contract governing the plaintiff's employment. Specifically she argues that the contract should not have been considered at all because: (1) the union contract cannot be applied in such a way as to lessen the protections under the ADA, (2) the CHRO investigator erroneously concluded that the union contract required payment of overtime if the plaintiff worked past 4:30 p. m., and (3) the issue was unfairly raised during the CHRO interview with the DPH representatives outside her presence. As noted previously, this court has reviewed the record and listened to the tapes of the interview sessions and finds that the issue was first discussed during the plaintiff's interview with her union representative. (ROR, Tape of complainant's interview, D1.)[1]
Furthermore, the CHRO investigator found that the 11:30 a.m. to 4:30 p. m. schedule accommodates the plaintiff's inability to arrive at work in Hartford prior to 11:30 a.m. She is allowed to arrive at work two and one half hours after 9:00 a.m. but maintains full-time employment and accrues the associated benefits. In light of this finding, which is supported by the substantial evidence in the record, any error in applying the union contract is harmless because the plaintiff is not prejudiced. In Ann Howard's Apricot's Restaurant v. CHRO,237 Conn. 209, 227-228 (1996), our Supreme Court found:
 We have previously concluded that "[h]armless error analysis is available in the administrative context. The Uniform Administrative Procedure Act provides that if an individual's substantial rights have been prejudiced, the case should be remanded unless but one conclusion is required by law. General Statutes § 4-183 (j) and (k); see also Adriani v. Commission on Human Rights Opportunities, 220 Conn. 307, 329 n. 21 (1991), on appeal after remand, 228 Conn. 545 (1994); Denby v. Commissioner, 6 Conn. App. 47, 58-59 (1986); Plastic Distributors Inc. v. Burns, 5 Conn. App. 219, 230 (1985)." Levy v. Commission on Human Rights Opportunities, supra, 236 Conn. [96,] 110 [(1996)]. Therefore, because CT Page 6004 there was significant evidence in the record, apart from [the complainant's] testimony, from which the hearing officer could have concluded that the plaintiff had impermissibly discriminated against [the complainant] the hearing officer's failure to exclude that testimony was harmless and we need not decide whether the hearing officer abused her discretion.
Accordingly, the plaintiff cannot prevail on this claim.
As to the claim of retaliation, the applicable statute which the plaintiff cited in her complaint is General Statutes §46a-60 (a)(4). That provision reads,
It shall be a discriminatory practice in violation of this section:
 (4) For any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he has opposed any discriminatory employment practice or because he has filed a complaint or testified or assisted in any proceeding under section 46a-82. 46a-83 or 46a-84. . . .
There is nothing in the record to show that the alleged discriminatory acts regarding her work site and work schedule is related to her opposition of a discriminatory practice or her involvement in a CHRO preceding. Further, the issue of timekeeping by the minute raised by the plaintiff as a retaliation claim is not contained in her complaint to the CHRO. (ROR, 102-104.) Although this issue may have arisen subsequent to the filing of the CHRO complaint, no amended complaint was filed. Accordingly, the finding of no retaliation will not be disturbed.
The plaintiff also claims that the CHRO erroneously ignored General Statutes § 5-248c. The plaintiff did not argue the applicability of this statute before the CHRO. The plaintiff's motion to present additional evidence on this issue was denied. Accordingly, the court need not address the merits of this argument. Dortenzio v. Freedom of Information, 42 Conn. App. 402,409 (1996) (an argument not raised before or addressed by the agency within should not be addressed by the court).
Finally, the defendants raise a special defense arguing that the court lacks jurisdiction over the fourth and fifth counts of the complaint because the plaintiff has not received a release from the CHRO pursuant to General Statutes § 46a-101.[2]
CT Page 6005
Section 46a-101 (a) provides: "No action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission in accordance with the provisions of this section." The fourth and fifth counts of the plaintiffs complaint brought under § 4-183 allege that "[t]he findings, conclusions, and policies relied upon by the defendants" violate the ADA and state antidiscrimination statutes, General Statutes §§ 46a-58, 46a-60, 46a-70 through 46a-78. Contrary to the CHRO's argument, however, the fourth and fifth counts do not state a separate cause of action under § 46a-100. Rather, they allege that in dismissing the underlying complaint, the CHRO acted contrary to state and federal law.
The plaintiff briefed these issues as part of her § 4-183
challenge to the propriety of the defendants' "findings, conclusions, and policies." Section 4-183(j) allows the court to sustain an appeal of an agency decision where persons aggrieved by an agency decision demonstrate that the agency violated statutory provisions or made other errors of law. The court has addressed those counts within its scope of review under General Statutes § 4-183.
There is substantial evidence to support the finding of no reasonable cause. Accordingly, and for the reasons stated above, the appeal is dismissed.
DiPentima, J.