[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION FOR ARTICULATION
A memorandum of decision granting judgment in favor of the defendant in this matter was entered by this court on April, 15, 2002. The plaintiff, Elizabeth O. Miller, executrix of estate of Frank Miller III, subsequently filed an appeal on April 19, 2002. Both Miller, and the defendant, the zoning board of appeals of the town of Westport (the board), filed motions for articulation of the April 15, 2002, decision.
"An articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . ." (Citations omitted; internal quotation marks omitted.) Miller v. Kirshner, 225 Conn. 185, 208, 621 A.2d 1326 (1993). An articulation, however, is not an opportunity for a trial court to CT Page 10842 substitute a new decision [or] to change the reasoning or basis of a prior decision." (Internal quotation marks omitted.) Id.
Miller's action for inverse condemnation was premised on the board's denial of her application for certain zoning variances with respect to her undeveloped parcel of land. On April 15, 2002, this court held that because Miller withdrew her administrative appeal, which she filed to challenge the board's denial of her application for a variance, her inverse condemnation claim must fail. "[I]n an inverse condemnation action, a plaintiff alleges that a regulatory action constitutes a taking for constitutional purposes and seeks compensation for the alleged taking." Cumberland Farms, Inc. v. Groton, 247 Conn. 196, 207-08,719 A.2d 465 (1998). This court found that because the plaintiff sold the lot in question, her action could not have been based on a permanent taking . . . This court also found that because the issue of whether there was a temporary taking was left undecided after Miller withdrew her administrative appeal, her inverse condemnation claim could not be based on a temporary taking.
The foregoing is a restatement of the reasons why this court did not find a basis for Miller's inverse condemnation claim and, therefore, entered judgment in favor of the board. "An articulation may be required where the trial court has stated no basis for its decision or where the basis is unclear." (Internal quotation marks omitted.) Dortenzio v.Freedom of Information Commission, 42 Conn. App. 402, 409, 679 A.2d 978
(1996). Because there is no ambiguity, this court defers to its prior ruling and will not substitute a new decision or change its prior ruling.
HICKEY, J.
CT Page 10843