******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

V. V. *v.* V. V.*

(AC 44752)

Prescott, Cradle and Clark, Js.

*Syllabus*

The defendant, against whom an order of protection had been issued as to her minor child, appealed to this court from certain postjudgment orders of the trial court. *Held* that this court lacked subject matter jurisdiction over the appeal and, accordingly, the appeal was dismissed; the defendant was not aggrieved by the trial court's orders, as her personal and legal interests were not specially and injuriously affected by the orders, the first of which mistakenly characterized the defendant's withdrawal of her pending motions as a withdrawal of the plaintiff's underlying action and was later vacated by the court and the second of which reflected the fact that the defendant's counsel withdrew all of the defendant's pending motions at a hearing on the same day.

Argued April 11—officially released October 11, 2022

*Procedural History*

Application for relief from abuse, brought to the Superior Court in the judicial district of New Haven, where the court, *M. Murphy, J.*, granted the application and issued an order of protection; thereafter, the court, *Goodrow, J.*, issued a postjudgment order accepting the withdrawal of the action; subsequently, the court, *Goodrow, J.*, issued a postjudgment order vacating its previous order as to the withdrawal of the action and accepting the defendant's withdrawal of all of her pending motions, and the defendant appealed to this court. *Appeal dismissed*.

*V. V.*, self-represented, the appellant (defendant).

*Gayle A. Sims*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, V. V., appeals from the trial court's May 20, 2021 postjudgment orders, one of which was vacated by the court and one of which reflected that the defendant's counsel withdrew all of her pending motions on the record at a hearing that same day.[1] Because the defendant was not aggrieved by either order, we dismiss the appeal for lack of jurisdiction.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. On December 11, 2020, the father of the plaintiff, V. V., a minor child, filed an application for relief from abuse on behalf of the plaintiff, claiming that the defendant, who suffers from bipolar disorder with psychosis, had attempted to abduct the plaintiff. The trial court, *M. Murphy, J.*, issued a temporary ex parte restraining order on December 11, 2020, and a hearing was thereafter scheduled for December 23, 2020. Following the December 23, 2020 hearing, the court denied the defendant's motion to dismiss the application and extended the December 11, 2020 ex parte restraining order for one year. Judgment entered on December 23, 2020.

On March 1, 2021, more than two months after the court rendered judgment on the restraining order, the defendant filed with the trial court both a motion for extension of time to appeal the December 23, 2020 judgment and an application for waiver of fees. The trial court, *M. Murphy, J.*, granted the fee waiver on March 2, 2021, but denied the motion for extension of time to appeal on March 4, 2021, as the time to file an appeal had expired. On March 16, 2021, the defendant filed an appeal with this court from the trial court's order denying her motion for extension of time to appeal. This court dismissed her appeal for failure to comply with Practice Book § 63-4.

The defendant thereafter filed numerous motions in the Superior Court, including motions for contempt, to set aside the restraining order, and for a guardian ad litem to be appointed. A remote hearing was held on the defendant's pending motions on May 20, 2021. At that hearing, the defendant was represented by Attorney Alexander H. Schwartz. Although Attorney Schwartz indicated that he was withdrawing all of the defendant's pending motions, he mistakenly characterized the withdrawals as a withdrawal of the restraining order. Consequently, the trial court, *Goodrow, J.*, issued a written order on May 20, 2021, stating that it had accepted "the applicant's oral withdrawal of this action" on the record. The court, however, promptly recognized its mistake and issued a second order on that same date, which vacated its original order and clarified that (1) it had accepted the defendant's withdrawal of all of her pending motions on the record and (2) the

restraining order that had entered on December 23, 2020, remained in full force and effect.[2] This appeal followed.

The following legal principles guide our inquiry into whether the defendant has been aggrieved by the trial court's May 20, 2021 orders. General Statutes § 52-263 grants the right of appeal to a party who is "aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . ." "Aggrievement, in essence, is appellate standing." *In re Ava W.*, 336 Conn. 545, 554, 248 A.3d 675 (2020). "It is axiomatic that aggrievement is a basic requirement of standing, just as standing is a fundamental requirement of jurisdiction. . . . There are two general types of aggrievement, namely, classical and statutory; either type will establish standing, and each has its own unique features." (Internal quotation marks omitted.) *Perry* v. *Perry*, 312 Conn. 600, 620, 95 A.3d 500 (2014). "The test for determining [classical] aggrievement encompasses a well settled twofold determination: first, the party claiming aggrievement must demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest shared by the community as a whole; second, the party claiming aggrievement must establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Internal quotation marks omitted.) *Avon* v. *Freedom of Information Commission*, 210 Conn. App. 225, 234, 269 A.3d 852 (2022).

On June 1, 2021, the self-represented defendant filed this appeal. The notice of appeal indicates that she seeks to challenge the court's May 20, 2021 orders. It is clear, however, that the defendant's personal and legal interests have not been specially and injuriously affected by those orders. The first order, which mistakenly characterized the defendant's withdrawal of her pending motions as a withdrawal of the plaintiff's underlying action, was vacated by the second order. The second order simply reflected the fact that the defendant's counsel withdrew all of the defendant's pending motions at a hearing earlier that day.[3] See *In re Allison G.*, 276 Conn. 146, 158, 883 A.2d 1226 (2005) ("[a] party cannot be aggrieved by a decision that grants the very relief sought" (internal quotation marks omitted)). Accordingly, this court lacks subject matter jurisdiction over the appeal.

The appeal is dismissed.

* In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

[1] Following appellate briefing and oral argument, this court issued a supplemental briefing order asking the parties to address the jurisdictional question of whether the defendant was aggrieved by the trial court's May 20, 2021 orders from which she appeals. The defendant filed a supplemental

brief on August 12, 2022. The plaintiff did not file a response.

[2] The order provided: "[The previous order] is vacated. The restraining order entered on [December 23, 2020] . . . remains in full force and effect. At the remote hearing on [May 20, 2021] on [the defendant's] motions, [the defendant's] counsel withdrew on the record all pending motions filed by [the defendant]. The court accepted the withdrawal. The court . . . erroneously stated on the record that this action was withdrawn; in fact, [the defendant's] motions were withdrawn, not this action. Unless otherwise modified by the court, the restraining order . . . remains in full force and effect."

[3] Because the defendant's prior appeal from the court's December 23, 2020 judgment granting the application for relief from abuse was dismissed, we decline to construe the present appeal as an appeal from that judgment. Moreover, the defendant's supplemental brief in response to this court's order asking the parties to address the jurisdictional question of whether the defendant was aggrieved by the trial court's May 20, 2021 orders makes clear that the defendant appealed from the May 20, 2021 orders, not the December 23, 2020 judgment granting the application for relief from abuse.

————————————————————